JOHN MAGLIERY (*pro hac vice* forthcoming)
  johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:  (212) 489-8230
Fax:  (212) 489-8340

JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MARCY MICALE BLATTNER (State Bar No. 319868)
  marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>Defendant. | Case No. **2:23-cv-10876**<br><br>**DEFENDANT ZAPPOS.COM LLC'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, No. 23STCV28343]<br><br>Compl. Filed:  November 17, 2023<br>Action Removed: December 29, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ZAPPOS.COM LLC d/b/a WWW.ZAPPOS.COM ("Zappos") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds set forth below.

## I.   STATE COURT ACTION

1.     On November 17, 2023, Plaintiff Miltita Casillas, purportedly acting individually and on behalf of all other similarly situated, commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Casillas v. Zappos.com LLC*, Case No. 23STCV28343 (the "State Court Action").  A true and correct copy of the complaint in the State Court Action served upon Zappos is attached hereto as **Exhibit A** (the "Complaint").

2.     Plaintiff's Complaint alleges generalized conclusory assertions of an invasion of privacy based on Zappos's alleged use of a "pen register" to collect IP information from individuals who visit its website.  Plaintiff asserts a violation of the California Invasion of Privacy Act (CIPA), California Penal Code § 631.  (Ex. A. at p. 7.)  Plaintiff seeks statutory damages, punitive damages, and "any and all other relief at law that may be appropriate."  (*Id*. at p. 8.)  Zappos believes these claims are meritless.

3.     On November 29, 2023, Zappos was served with a copy of the Complaint and a summons from the State Court Action by personal service to its authorized agent.  A true and correct copy of the Proof of Service of Summons as filed by Plaintiff in the State Court Action is attached hereto as **Exhibit B**.

4.     In addition to the Complaint and Proof of Service of Summons, all other pleadings, processes, and orders served upon or received by Zappos in the State Court Action or found on the docket in the State Court Action are attached hereto:

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a.   The Summons is attached hereto as **Exhibit C**;

b.   The Civil Case Cover Sheet is attached hereto as **Exhibit D**;

c.   The Notice of Case Assignment is attached hereto as **Exhibit E**;

d.   The Initial Status Conference Order, Minute Order, and Certificate of Mailing for Court Order Regarding Newly Filed Class Action are attached hereto as **Exhibit F**.

5.   The State Court Action is removable to this Court because the Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

## II.   THIS ACTION IS REMOVABLE UNDER CAFA

6.   This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "federal court consideration of interstate cases of national importance under diversity jurisdiction." 28 U.S.C. § 1711.

7.   "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8.   CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class action is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5

NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

million; and (4) no exception to jurisdiction applies.  *See* 28 U.S.C. §§ 1332(d).  As explained below, each of these requirements is satisfied in this case.

## A.      The Minimal Diversity Requirement Is Satisfied

9.      A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

10.      Plaintiff is a citizen and resident of California.  (Ex. A. ¶ 4.)  The putative class Plaintiff seeks to represent is composed of California citizens.  (*Id.* ¶ 18.)

11.      Zappos is a Delaware limited liability company.  A limited liability company is a citizen of every state in which any member is a citizen.  *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).  Zappos's sole member is Amazon.com Services LLC.  Amazon.com Services LLC is owned by Amazon.com, Inc., which is a Delaware corporation with its principal place of business in Seattle, Washington.  Thus, Zappos is a citizen of Washington and Delaware for determining minimal diversity.

12.      No California citizens are members of Zappos.  Therefore, there is sufficient (and complete) diversity of citizenship between the relevant parties in this case.

## B.      Plaintiff's Proposed Class Exceeds 100 Members

13.      The action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

14.      For a class action to be removable under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100.  28 U.S.C. § 1332(5)(B).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

15.     Plaintiff alleges that Zappos's website tracks visitors' IP information in violation of CIPA.  (Ex. A. at p. 7.)

16.     Plaintiff seeks to represent a class composed of "[a]ll persons within the state of California who visited Defendants [sic] website within the statute of limitations period and whose privacy was violated as described above."  (Ex. A ¶ 18.)

17.     The number of California visitors to the Zappos website during the one-year limitations period is over 1,000.

## C.     The Amount in Controversy Exceeds $5,000,000

18.     Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee*, 574 U.S. at 84.  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions."  *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 81.

19.     For purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (noting removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, No. 14-0259, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

20.     Plaintiff seeks statutory damages, which are included in the amount in controversy.  *See Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 995 (9th Cir. 2022).  Without conceding that the statutory maximum amount of

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages would be the proper measure of relief for any of Plaintiff's claims, or that Plaintiff or any putative class members are entitled to any relief, it is reasonably possible that statutory damages could exceed $5,000,000 based on Plaintiff's allegations and the statutory damages requested. The Complaint seeks statutory damages of $5,000 for the alleged CIPA violation pursuant to California Penal Code § 637.2(a)(1). (Ex. A ¶ 28.) With 1,000 class members, statutory damages under section 637.2, as alleged, also exceed the jurisdictional threshold. *See Adzhikosyan v. AT&T Corp.*, 2021 WL 5982604, at *4 (C.D. Cal. Dec. 17, 2021) (amount in controversy met where CIPA statutory damages exceeded $5,000,000). Statutory damages alone, therefore, exceed the $5,000,000 threshold.

21.     Plaintiff also seeks punitive damages and attorneys' fees, which are included in the amount in controversy. See *Stolz v. Safeco Ins. Co. of Am.*, 798 F. App'x 52, 54 (9th Cir. 2019) (amount in controversy includes punitive damages); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (attorneys' fees).

22.     In sum, based on Plaintiff's allegations and theories of recovery, the amount in controversy exceeds $5,000,000.

**D.     Exceptions to Jurisdiction Do Not Apply**

23.     The complete diversity between Plaintiff and Zappos not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4) (exemptions for which Plaintiff would bear the burden of proof in any event).

**III.     ZAPPOS SATISFIES THE REQUIREMENTS OF 28 U.S.C. § 1446**

24.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

25.     This Notice of Removal has been filed within 30 days of service of the Complaint on Amazon, from which it was first ascertainable this case was removable. See 28 U.S.C. § 1446(b)(2)(3).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

26.     Concurrently with the filing of this Notice of Removal, Amazon will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Yolo. See 28 U.S.C. § 1446(d).

27.     Amazon does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Zappos removes the State Court Action to this Court.


DATED: December 29, 2023                    DAVIS WRIGHT TREMAINE LLP
                                            JAMES H. MOON
                                            MARCY MICALE BLATTNER
                                            JOHN MAGLIERY

                                            By: /s/ James H. Moon
                                                        James H. Moon

                                            Attorneys for Defendant
                                            ZAPPOS.COM LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT A**

1   PACIFIC TRIAL ATTORNEYS
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    sferrell@pacifictrialattorneys.com
3   4100 Newport Place Drive, Ste. 800
    Newport Beach, CA 92660
4   Tel: (949) 706-6464
    Fax: (949) 706-6469
5
    Attorneys for Plaintiff
6

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**11/17/2023 4:37 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By S. Trinh, Deputy Clerk**

7

8               **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                          **COUNTY OF LOS ANGELES**

10

11  MILTITA CASILLAS, individually and on behalf     Case No. 23STCV28343
    of all others similarly situated,
12
                   Plaintiffs,                        **CLASS ACTION COMPLAINT FOR**
13                                                    **VIOLATION OF CALIFORNIA PENAL**
                     v.                               **CODE SECTION 638.51**
14
    ZAPPOS.COM LLC, a Delaware entity
15  d/b/a WWW.ZAPPOS.COM,
16                 Defendant.
17
18
19
20
21
22
23
24
25
26
27
28

## I.   **INTRODUCTION**

To learn the identity of anonymous visitors to www.zappos.com (the "Website") and monetize its knowledge of those visitor and their online habits, Defendant has secretly deployed spyware that accesses visitor devices, installs tracking software, and surveils their browsing habits.

Plaintiff visited Defendant's website in 2023 using a mobile device.   Without Plaintiff's knowledge or consent, Defendant secretly used "pen register" software to access Plaintiff's device and install tracking software in violation of California law.

## II.   **JURISDICTION AND VENUE**

1.      Defendant is subject to jurisdiction in this state under Penal Code section 502(j), which provides that a person who accesses a computer from another jurisdiction is deemed to have personally accessed the computer in California.  Plaintiff was in California when Defendant accessed Plaintiff's device and installed tracking code.

2.      Defendant is also subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."   Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a "gateway" to sales), such that the website "is the equivalent of a physical store in California."   Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

3.      Venue is proper in this County pursuant to California Code of Civil Procedure section 394(b) because "none of the defendants reside in the state", such that venue is proper "in any county that the plaintiff may designate."

## III.   **PARTIES**

4.      Plaintiff  is a resident of California.  Plaintiff is also a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law.  As an individual who advances important public interests at the risk of vile personal attacks,

1    Plaintiff should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948,

2    954 (7th Cir. 2006).  Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary

3    and desirable for committed individuals to bring serial litigation" to enforce and advance consumer

4    protection statutes, and that Courts must not make any impermissible credibility or standing inferences

5    against them.  *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

6        5.    Defendant is an online fashion retailer based in Nevada that sells products throughout

7    California and in this County.

8                    **IV.    FACTUAL ALLEGATIONS**

9    **A.    The Right to Privacy Has Always Been a Legally Protected Interest in the United States.**

10       6.    Since America's founding, privacy has been a legally protected interest at the local, state,

11   and federal levels. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1271–72 (9th Cir. 2019) (quoting *Spokeo,*

12   *Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("Privacy rights have long been regarded 'as providing a basis

13   for a lawsuit in English or American courts.'"); and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th

14   Cir. 2017) ("Violations of the right to privacy have long been actionable at common law.").

15       7.    More specifically, privacy protections against the disclosure of personal information are

16   embedded in California statutes and at common law.  *See e.g.*, *U.S. Dep't of Justice v. Reporters Comm.*

17   *for Freedom of the Press*, 489 U.S. 749, 763 (1989) ("The Ninth Circuit has  repeatedly held that privacy

18   intrusions may constitute "concrete injury" for purposes of Article III standing); *Van Patten v. Vertical*

19   *Fitness Grp., LLC*, 847 F.3d 1037, 1041–43 (9th Cir. 2017) (finding "concrete injury" where plaintiffs

20   claimed that unsolicited telemarketing calls "invade the privacy and disturb the solitude of their

21   recipients*"); In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (finding

22   "concrete injury" where Facebook allegedly tracked users' "personally identifiable browsing history"

23   on third party websites); *Patel*, 932 F.3d at 1275 (finding "concrete injury" where plaintiffs claimed

24   Facebook's facial-recognition technology violated users' privacy rights).

25       8.    In short, the privacy of personal information is—and has always been—a legally

26   protected interest in many contexts. Thus, a defendant whose acts or practices violate consumer privacy

27   inflicts an actionable "injury" upon an individual.

28

**B.** **Defendant Secretly Installs Tracking Software on the Devices of All Visitors To Its Website In Violation of California Law.**

9. Every device connected to the internet has a unique IP address, typically consisting of a sequence of numbers. *See United States v. Caira*, 833 F.3d 803, 805 (7th Cir. 2016). An IP address "is used to route information between devices." *United States v. Ulbricht*, 858 F.3d 71, 84 (2d Cir. 2017).

10. Once linked to a particular individual, a unique IP address can be used to compile a detailed picture of an individual's online activities, including: the online services for which an individual has registered; personal interests based on websites visited; organizational affiliations; where the individual has been physically; a person's political and religious affiliations; individuals with whom they have leanings and with whom they associate; and where they travel, among other things. *See* https://www.priv.gc.ca/en/opc-actions-and-decisions/research/explore-privacy-research/2013/ip_201305/ (last downloaded November 2023).

11. For the preceding reasons, the ability to link an IP address to a particular individual is of great monetary value and has created an entire industry known as "identity resolution." Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints." *See* https://www.fullcontact.com/identity-resolution/ (last visited November 2023).

12. The technical means by which an IP address is linked to a particular individual is via deployment of "pen register" software. Traditionally, law enforcement used "pen registers" in investigations to record all numbers called from a particular telephone, and "pen registers" required physical machines. Today, pen registers take the form of software. *See In re Order Authorizing Prospective & Continuous Release of Cell Site Location Recs.*, 31 F.Supp.3d 889, 898 n.46 (S.D. Tex. 2014) (citing Susan Freiwald, *Uncertain Privacy: Communication Attributes After the Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of the pen register from mechanical device to computer code)).

13. The following graphic shows how a website deploying pen register software to capture the IP address of visitors can identify anonymous website visitors and a great deal of personal information about their lives and habits:



14.     In the above example, a "pen register" has been used to capture an anonymous user's IP address and compare it to previously aggregated "touchpoints" to reveal the following details about a website visitor:

     (a)  Full name *(Mary Smith)*

     (b)  Date of birth *(May 1, 1979)*

     (c)  Gender *(female)*

     (d)  Home address *(2345 Avenue C, Papillion Nebraska)*

     (e)  Marital Status and Family *(Married with two children)*

     (f)  E-mail address *(Mary.Smith@gmail.com)*

     (g)  Personal Cell Phone: *(111) 123-4567*

     (h)  Voter Registration Status *(Registered)*

     (i)  Interests *(Shopping, Cooking, Traveling, Reading, Science)*

     (j)  Employer *(Karen's Fireside, Inc.)*

     (k)  Title *(Vice President)*

     (l)  Work Hours *(Daily 9-5)*

15.     Because of the massive privacy implications, California law prohibits the deployment of pen register software without first obtaining a court order. Cal. Penal Code § 638.51 ("CIPA Section

638.51"). CIPA defines a "pen register" broadly to include "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." *Id.* § 638.50(b). *See Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023) ("the Court rejects the contention that a private company's surreptitiously embedded software installed in a telephone cannot constitute a "pen register."). CIPA imposes civil liability and statutory penalties for the installation of pen register software without a court order. *Id.*

16.     Defendant knowingly and intentionally deployed "pen register" software on its website to decode routing, addressing, and signaling information to obtain the IP address of each visitor as part of Defendant's identity resolution efforts in violation of California law. In response to an appropriate request, Plaintiff will share with Defendant proof of the deployment and activity of the pen register.

17.     Defendant used the pen register software to access Plaintiff's device and install tracking code on Plaintiff's device in violation of California law. *See Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023). Defendant did not obtain Plaintiff's knowing and informed consent to do so, nor did Defendant obtain a court order authorizing it to do so.

## V.     CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the state of California who visited Defendants website within the statute of limitations period and whose privacy was violated as described above.**

19.     NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be at least 100. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

20.     COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.

21.     TYPICALITY: As a person who visited Defendant's Website and whose privacy was invaded, Plaintiff is asserting claims that are typical of the Class.

22.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

23.     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.

## VI.     CAUSE OF ACTION
### CALIFORNIA INVASION OF PRIVACY ACT
### PENAL CODE SECTION 638.51

24.     Section 638.51 of the Penal Code provides that it is illegal to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Penal Code § 638.51(a).)  A "'Pen register' means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication.  (Penal Code § 638.50(b).)

25.     Defendant knowingly and criminally deployed pen register software to access Plaintiff's device, install tracking software, and obtain Plaintiff's IP address. *See Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023) (Bashant, J.).  Plaintiff did not consent to Defendant's actions.

26.     Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy.

27.     By knowingly violating a criminal statute and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294.

28.     Plaintiff is also entitled to statutory damages of $5,000. *See* Penal Code § 637.2(a)(1).

29.     The class members suffered the same intrusion and are entitled to the same damages as Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.      An order certifying the class and making appropriate case management orders therewith;

b.      For statutory damages, punitive damages, attorneys' fees; and

c.      For any and all other relief at law that may be appropriate.

Dated:  November 17, 2023                    PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

EXHIBIT D

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address)<br>SCOTT K. FERREL (SBN: 202091)<br>PACIFIC TRIAL ATTORNEYS<br>4100 NEWPORT PLACE DRIV, STE. 800<br>NEWPORT BEACH, CA 92660<br>TELEPHONE NO.: (949) 706-6464      FAX NO. (Optional): (949) 706-6469<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | FOR COURT USE ONLY<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/14/2023 4:43 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By K. Valenzuela, Deputy Clerk** |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 312 N. SPRING STREET<br>MAILING ADDRESS: 312 N. SPRING STREET<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE |
|---|

| PLAINTIFF/PETITIONER: MILTITA CASILLAS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>DEFENDANT/RESPONDENT: ZAPPOS.COM LLC, A DELAWARE ENTITY D/B/A WW. ZAPPOS.COM | CASE NUMBER: **23STCV28343** |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1184432AMM |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of :
   - a.☒   Summons
   - b.☒   Complaint
   - c ☒   Alternative Dispute Resolution (ADR) package
   - d ☒   Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐   cross-complaint
   - f. ☒   other *(specify documents):* CIVIL CASE COVER ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; ORDER PURSUANT TO CCP 1054(A), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION;  VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE;
3.    a. Party served: *(specify name of party as shown on documents served):*
   ZAPPOS.COM LLC, A DELAWARE ENTITY D/B/A WW. ZAPPOS.COM
      b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
   CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT, BY SERVING Alex Jenkins - PERSON AUTHORIZED TO RECEIVE SERVICE
4.    Address where the party was served: 2710 GATEWAY OAKS DR. SUITE 150N
         SACRAMENTO, CA  95833
5. I served the party *(check proper box)*
   - a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/29/2023    (2) at: *(time)* 1:00 PM

   - b. ☐ **by substituted service**. On *(date):*       at: *(time)*    . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*
     - (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):    (city):    **or** ☐ a declaration of mailing is attached.
     - (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |
|---|---|---|

| PLANTIFF/PETITIONER:  MILITTA CASILLAS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>DEFENDANT/RESPONDENT:  ZAPPOS.COM LLC, A DELAWARE ENTITY D/B/A WW. ZAPPOS.COM | CASE NUMBER:<br><br>**23STCV28343** |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) (date):            (1) (city):

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** (specify means of service and authorizing code section):

         ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant

    b. ☐ as the person sued under the fictitious name of (specify):

    c. ☒ on behalf of (specify): ZAPPOS.COM LLC, A DELAWARE ENTITY D/B/A WW. ZAPPOS.COM

        under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)                 ☐ 415.46 (occupant)

                                       ☒ other:LLC

7.  **Person who served papers**

    a.   Name:  Robert J. Mason

    b.   Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**

    c.   Telephone number: **(213) 607-9000**

    d.   The fee for service was: $ 109.00

    e.   I am:

         (1) ☐ not a registered California process server.

         (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

         (3) ☒ registered California process server:

               (i)   ☐ owner   ☐ Employee   ☒ independent contractor.

               (ii)  ☒ Registration No.:03-007

               (iii) ☒ County: PLACER

USA Legal Network

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 12/01/2023

   Robert J. Mason

_____           _____

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)          (SIGNATURE)

**Page 2 of 2**

**EXHIBIT C**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ZAPPOS.COM LLC,  a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>MILTITA CASILLAS, individually and on behalf of all others similarly situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/17/2023 4:37 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Trinh, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV28343 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091); Victoria C. Knowles (Bar #277231)
PACIFIC TRIAL ATTORNEYS, APC                                 Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| | | | |
|---|---|---|---|
| DATE: 11/17/2023<br>*(Fecha)*   David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)*   S. Trinh | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   ZAPPOS.COM LLC, a Delaware entity
   d/b/a WWW.ZAPPOS.COM

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |

**EXHIBIT D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell   (Bar # 202091) / Victoria C. Knowles<br>PACIFIC TRIAL ATTORNEYS<br>4100 Newport Place Dr., Suite 800, Newport Beach, CA 92660<br>TELEPHONE NO. (949) 706-6464   FAX NO. (Optional):<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name): Plaintiff | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>11/17/2023 4:37 PM<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By S. Trinh, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Casillas, et al v. Zappos.com LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV28343 |
| | | | JUDGE:<br>DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): One (1)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 17, 2023

Scott J. Ferrell
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10

*LexisNexis® Automated California Judicial Council Forms*   www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas, et al. v. Zappos.com LLC | 23STCV28343 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.   Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.   Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.   Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.   Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.   Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.   Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | **CIVIL CASE COVER SHEET ADDENDUM** | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | **AND STATEMENT OF LOCATION** | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas, et al. v. Zappos.com LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas, et al. v. Zappos.com LLC | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas, et al. v. Zappos.com LLC | |

| | | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE<br>Casillas, et al. v. Zappos.com LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>400 E. Stewart Avenue |
|---|---|

| CITY:<br>Las Vegas | STATE:<br>NV | ZIP CODE:<br>89101 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _11/17/2023_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**EXHIBIT E**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/17/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Trinh _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV28343 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  11/20/2023 
        (Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Trinh _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT F**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**23STCV28343**                                        November 28, 2023
**MILITA CASILLAS,  vs ZAPPOS.COM LLC**                          3:19 PM

Judge: Honorable Carolyn B. Kuhl            CSR: None
Judicial Assistant: L. M'Greene            ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** COURT ORDER REGARDING NEWLY FILED CLASS ACTION

The Clerk's Office has randomly assigned this case to this department for all purposes. By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. Pursuant to Government Code Section 70616 (a)-(b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court, within 10 calendar days of this date.

The Court stays this case for all purposes, except for service of the Summons and Complaint, and filing notice of appearance or an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6. The stay continues at least until the Initial Status Conference.
Initial Status Conference is scheduled for 01/17/2024 at 11:30 AM in Department 12 at Spring Street Courthouse.

This Order addresses:

(1) Requirements for early sign-up with an e-service provider in order to facilitate communication with the parties throughout the pendency of the case.
(2) Directives regarding appearance at status conferences.
(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.
(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

******
(1) Early sign-up with an e-service provider.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use a third-party cloud service that provides an electronic message board. In order to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**23STCV28343**                                    November 28, 2023
**MILITA CASILLAS,  vs ZAPPOS.COM LLC**              3:19 PM

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten court days in advance of the Initial Status Conference and advise the Court via email to sscdept12@lacourt.org, which provider was selected. The Court will issue an e-service order.

The court intends to use the message board provided by the e-service provider to communicate with the parties in order to determine if the court can issue a Case Management Order and set deadlines without the parties or attorneys appearing in the courtroom.

Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently available in the Complex Courts.

(2) Directions regarding appearance at status conferences.

Based on current conditions and public health requirements and recommendations regarding the spread of COVID-19, all appearances for status conferences should be by LA CourtConnect (see LACourt.org) absent an articulable special need to appear in person. Counsel also are strongly urged to appear via LA CourtConnect for law and motion matters. The Court must reduce crowding in our physical court facilities to the maximum extent possible.

(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however, it stays all outstanding discovery requests.

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Further, a plaintiff may amend the complaint to add a claim or claims under PAGA prior to the Initial Status Conference and without further order from the court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**23STCV28343**                                            November 28, 2023
**MILITA CASILLAS,  vs ZAPPOS.COM LLC**                    3:19 PM

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greene | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement, five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered topics. Do not use the Judicial Counsel Form CM-110 (Case Management Statement).

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.
4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

**23STCV28343**                                                     November 28, 2023
**MILITA CASILLAS,  vs ZAPPOS.COM LLC**                             3:19 PM

Judge: Honorable Carolyn B. Kuhl              CSR: None
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more, of the following:
Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, or
Motions for summary judgment or summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third-party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seek discovery from absent class members, please estimate how many, and also state the kind of discovery you propose (See California Rule of Court, Rule 3.768).

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**23STCV28343**                                          November 28, 2023
**MILITA CASILLAS,  vs ZAPPOS.COM LLC**                              3:19 PM

Judge: Honorable Carolyn B. Kuhl                    CSR: None
Judicial Assistant: L. M'Greene                     ERM: None
Courtroom Assistant: None                           Deputy Sheriff: None

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines for and descriptions of other anticipated non-discovery motions.

******
Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or, if counsel has not been identified, on all parties, within five (5) days of service of this Order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order. The plaintiff must file a Proof of Service in this department within seven days of service.

IT IS SO ORDERED.

Carolyn B. Kuhl / Judge
DATED: 11/28/2023

Counsel below is to provide notice to all parties.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/28/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. M'Greené _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Milita Casillas, | |
| DEFENDANT/RESPONDENT:<br>Zappos.com LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV28343 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (COURT ORDER REGARDING NEWLY FILED CLASS ACTION) of 11/28/2023  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott J Ferrell
Pacific Trial Attorneys
4100 Newport Place Drive Ste. 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/28/2023

By: L. M'Greené
Deputy Clerk

**CERTIFICATE OF MAILING**

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On December 29, 2023, I served the foregoing document(s) described as: **DEFENDANT ZAPPOS.COM LLC'S NOTICE OF REMOVAL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Scott J. Ferrell, Esq.
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Email:  sferrell@pacifictrialattorneys.com

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on December 29, 2023, at Los Angeles, California.

☒   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899